IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01677-BNB

LORENZO MONTOYA,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 9 2007

GREGORY C. LANGHAM
                         CLERK

## ORDER OF DISMISSAL

Applicant Lorenzo Montoya is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Montoya has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 attacking his November 3, 2000, Colorado conviction. On August 14, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Montoya to show cause within thirty days why the Application should not be denied as time-barred pursuant to 28 U.S.C. § 2244(d). Mr. Montoya submitted a Response on August 23, 2007.

The Court must construe liberally the Application and the Response because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as a *pro se* litigant's advocate. **See** *Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Montoya alleges that he was convicted on November 3, 2000, in Denver County District Court on charges of felony murder, first degree burglary, first degree robbery, and first degree motor vehicle theft and that he was sentenced to life plus ten years in the DOC. Applicant states that he appealed his conviction, that the appeal was denied on February 26, 2004, that he petitioned the state's highest court, and that his petition was denied on April 30, 2004. Mr. Montoya also states that he filed a Colo. R. Crim. P. 35(c) postconviction motion on January 12, 2007, that the postconviction motion was denied on May 3, 2007, and that he did not appeal the denial of the motion.

It appears that the Application should be denied as time-barred. Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on the information Applicant provided in the Application, the Court finds that for the purposes of the one-year limitation period his conviction and sentence became final on July 29, 2004, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Furthermore, from July 30, 2004, the day after Applicant's conviction became final, until January 11, 2007, the day prior to when Applicant filed his Rule 35(c) postconviction motion, and from May 4, 2007, the day after his Rule 35(c) postconviction motion was denied in district court, until July 25, 2007, the day prior to when Applicant signed and presumably submitted the instant action to this Court, he did not have a collateral proceeding pending in state court.

Mr. Montoya does not allege that there are any constitutional rights newly recognized by the Supreme Court that apply to his case, or that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal. He also does not assert that there were any impediments to filing an application created by state action. Therefore, the Court finds that the total time a postconviction motion was not pending in state court is well beyond the one-year limitation period.

3

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). However, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See id.* Mr. Montoya bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

In the Response, Mr. Montoya asserts that he did not have enough money to pay for an attorney in his state proceedings. Applicant further asserts that he had four different attorneys to represent him over the past several years, that the state court lost his transcripts which counsel needed to file an appeal, and that he had to file his postconviction motion without assistance from an attorney.

Applicant fails to assert any extraordinary circumstances beyond his control that made it impossible for him to file a timely habeas application in this Court. Plaintiff's claim of insufficient monies to hire an attorney, presumably in his trial and direct appeal, does not state an extraordinary circumstance that would justify equitable tolling. Applicant also does not assert how the loss of the court transcripts in his state criminal case caused him to file an untimely habeas action in this Court. Furthermore, Mr. Montoya concedes that he was represented by counsel during both his trial and his direct appeal.

As for legal representation in his postconviction motion, under the United States Constitution, Applicant is not entitled to counsel in a collateral review of his state criminal conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). Also,

4

there is no constitutional right to counsel under the Colorado State Constitution in Rule 35(c) motions. **Breaman v. People**, 939 P.2d 1348 (Colo. 1997).

To the extent that Mr. Montoya may be asserting that he is entitled to equitable tolling due to his ignorance of the law, the Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." **Marsh v. Soares**, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting **Fisher v. Johnson**, 174 F.3d 710, 714 (5th Cir. 1999)). This Court, therefore, finds that Mr. Montoya fails to demonstrate the existence of any extraordinary circumstances beyond his control that made it impossible for him to file his Application on time. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __18__ day of ____Sept.____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01677-BNB

Lorenzo Montoya
Prisoner No. 107403
CSP - E-3-22
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9-19-07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk